IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD HOFFMAN,                    )
                                    )          Civil Action
              Plaintiff             )          No. 16-cv-01581
                                    )
       v.                           )
                                    )
CITY OF BETHLEHEM,                  )
                                    )
              Defendant             )

                          *    *    *

APPEARANCES:

          DONALD P. RUSSO, ESQUIRE
             On behalf of Plaintiff

          SUZANNE MCDONOUGH, ESQUIRE
             On behalf of Defendant

                          *    *    *

## O P I N I O N

JAMES KNOLL GARDNER
United States District Judge

          This matter is before the court on Defendant City of

Bethlehem's Motion to Dismiss Plaintiff's Amended Complaint

Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to

Dismiss").[1]  For the reasons expressed below, I deny defendant's

Motion to Dismiss.

---

[1]      Defendant's Motion to Dismiss was filed on May 4, 2016 together
with a Memorandum of Law in Support of Defendant's Motion for Dismissal
Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Defendant's
Memorandum"), and Exhibits A through D to Defendant's Memorandum.  As
explained in PROCEDURAL HISTORY, below, I only considered Exhibits A and C in
my decision.

                                        (Footnote 1 continued):

## SUMMARY OF DECISION

In his Amended Complaint (the operative pleading in this matter), plaintiff Richard Hoffman asserts one claim. In Count I, plaintiff asserts a federal claim against defendant City of Bethlehem for discrimination in violation of section 504 of the Rehabilitation Act of 1973.[2]

In its' Motion to Dismiss, defendant seeks to dismiss plaintiff's Amended Complaint on various grounds.

For the reasons expressed below, I deny defendant's Motion to Dismiss Count I of the Amended Complaint for failure to exhaust administrative remedies because plaintiff is not required to exhaust administrative remedies before asserting this claim.

Moreover, I deny defendant's Motion to Dismiss Count I of the Amended Complaint for failure to state a viable cause of action because plaintiff has sufficiently pled such a claim.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiff's Amended Complaint alleging that

_____

(Continuation of footnote 1):

Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Amended Complaint ("Plaintiff's Memorandum") was filed on May 18, 2016.

[2]     29 U.S.C. § 794.

defendant discriminated against him was brought pursuant to the
Rehabilitation Act of 1973, and thus poses a federal question.

### VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b)
because the events giving rise to plaintiff's claim allegedly
occurred in Northampton County, Pennsylvania, which is within
this judicial district.

### PROCEDURAL HISTORY

Plaintiff Richard Hoffman initiated this litigation on
March 11, 2016 by filing a Complaint against defendant City of
Bethlehem in the Court of Common Pleas of Northampton County,
Pennsylvania.

Defendant removed the case from the Court of Common
Pleas of Northampton County to this court on April 6, 2016 and
filed a motion to dismiss plaintiff's Complaint on April 13,
2016.

On April 27, 2016, in response to defendant's first
motion to dismiss, plaintiff filed an Amended Complaint which
added additional factual allegations.  By my Order dated May 5,
2016 and filed May 6, 2016 I dismissed defendant's original
motion to dismiss as moot based upon plaintiff filing his
Amended Complaint.

- 3 -

On May 4, 2016 defendant filed a motion to dismiss plaintiff's Amended Complaint, a memorandum of law in support of the motion and four exhibits, two of which I considered in reaching my decision.[3]

---

[3]     Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2008). However, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Consideration of such a document does not convert a motion to dismiss into a motion for summary judgment because the plaintiff is aware of the contents of the document and the need to refute it is diminished. Id. at 1196-1197.

Exhibit A is a copy of Plaintiff's Amended Complaint and was considered because it is the operative pleading in this matter.

Exhibit B is a copy of Resolution No. 2014-41, which defendant City of Bethlehem purports to be the Bethlehem City Council Resolution formally discharging plaintiff. See Defendant's Memorandum at pages 3-4. However, because in his Amended Complaint plaintiff merely references, but does not rely on, the Resolution, and because the Resolution introduces new facts which contradict those in plaintiff's Amended Complaint, I did not consider Exhibit B. I did not convert defendant's motion to dismiss into a motion for summary judgment by considering new facts that are inconsistent with the facts in plaintiff's Amended Complaint, which I must accept as true for purposes of ruling on a motion to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

Exhibit C is a copy of American Arbitration Association arbitrator Walt De Treux's October 30, 2015 Decision. Because in his Amended Complaint plaintiff expressly relies on Arbitrator De Treux's October 30, 2015 Decision, I considered Exhibit C. See Amended Complaint at ¶¶ 66-68; White Consolidated, supra.

Exhibit D is a Stipulation between the City of Bethlehem and the Fraternal Order of Police Star Lodge No. 20 for Richard Hoffman. Because plaintiff does not rely on or reference this document in his Amended Complaint, and because defendant has not argued or established that this is a public record, I did not consider it. I did not convert defendant's motion to dismiss into a motion for summary judgment by considering matters outside plaintiff's Amended Complaint.

- 4 -

On May 18, 2016 plaintiff filed a memorandum of law in opposition to defendant City of Bethlehem's motion to dismiss the Amended Complaint.

Hence this Opinion.

## STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief". Rule 8(a)(2) does not require heightened fact pleading of specifics,

- 5 -

but only enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[4]

In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler, 578 F.3d at 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."

---

[4]     The Supreme Court's Opinion in Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that the "facial plausibility" pleading standard set forth in Twombly applies to all civil suits in the federal courts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", and that plaintiff is entitled to relief. Fowler, 578 F.3d at 210 (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

Id. at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion. First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted. Fowler, 578 F.3d at 210. Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded. Id. at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 211 (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible." Iqbal, 556 U.S. at 679-680, 129 S.Ct. at 1949-1951, 178 L.Ed.2d at 884-885.

A well-pled complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and

unlikely." Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941 (internal quotations omitted).

## FACTS

Based upon averments in the Amended Complaint, and accepting all factual allegations in that complaint as true, and construing those factual allegations in the light most favorable to plaintiff, as I must do under the foregoing standard of review, the pertinent facts are as follows.

Plaintiff Richard Hoffman was hired by defendant City of Bethlehem as a police officer in July 2003.[5] Plaintiff held the position of patrolman with defendant's police department, was well liked by fellow officers and supervisors and received four commendations and four complimentary letters from citizens throughout his employment with defendant's police department.[6]

Defendant City of Bethlehem is a recipient of federal funds.[7]

On or about August 7, 2013 plaintiff was involved in an off-duty arrest for driving a motor vehicle while under the influence within the geographic jurisdiction of the City of

---

[5]     Amended Complaint at ¶ 3.

[6]     Id. at ¶¶ 4-6.

[7]     Plaintiff seeks relief under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, which provides relief for individuals who have been discriminated against in programs and activities which have received federal funds. See Amended Complaint at ¶¶ 44-50.

Bethlehem and was suspended from his position as a patrolman, pending investigation.[8]

On January 27, 2014 plaintiff accepted admission into the Accelerated Rehabilitative Disposition (ARD) program in the Court of Common Pleas of Northampton County.[9]  Plaintiff complied with and satisfied all requirements of the ARD program.[10]

The City of Bethlehem's disciplinary policy called for a 5-to-20-day suspension for an officer involved in an incident of off-duty driving under the influence.[11]  This policy allowed for deviation based on situation-specific mitigating or aggravating factors.[12]  Regarding plaintiff's situation, defendant City of Bethlehem determined that the aggravating factors outweighed the mitigating factors and warranted discharging plaintiff.[13]

Plaintiff contested his termination, and pursuant to the collective bargaining agreement, notified defendant that he

---

[8]     See Amended Complaint at ¶ 7.

[9]     Id. at ¶ 8.

[10]    Id.

[11]    Id. at ¶ 9.

[12]    Id.

[13]    Id. at ¶ 10.

wanted to submit to arbitration instead of a City Council hearing.[14]

Nevertheless, on March 18, 2014, following a hearing, the Bethlehem City Council formally discharged plaintiff.[15]

On February 9, 2015 American Arbitration Association arbitrator Walt De Treux issued a Decision and Award and concluded that defendant City of Bethlehem had just cause to discipline, but not discharge, plaintiff.[16] Arbitrator De Treux directed defendant to reduce plaintiff's punishment from discharge to a 25-day suspension.[17]

The decision by Arbitrator De Treux further directed defendant to reinstate plaintiff to his former position, with no loss of seniority, subject to the defendant's right to require plaintiff to submit to, and successfully complete, a fitness-for-duty evaluation.[18] There was no deadline for a fitness-for-duty declaration.[19]

---

[14]    See Amended Complaint at ¶ 10.

[15]    Id. at ¶¶ 10 and 11.

[16]    Id. at ¶¶ 13 and 22.

[17]    Id. at ¶¶ 14 and 23.

[18]    Id. at ¶¶ 14 and 26-27.

[19]    Id. at ¶ 19.

Bethlehem Police Department discipline directive 1.3.2(II)(F)(3)(d)(iv) restored plaintiff to full police power after suspension.[20]

On May 29, 2015 psychologist Dr. Frank Dattilio issued his fitness-for-duty report of plaintiff and found that plaintiff is an alcoholic at risk of relapse.[21] Dr. Dattilio's fitness-for-duty report recommended several types of rehabilitative treatment for plaintiff to be able to return to work for defendant's police department.[22]

Defendant has refused to allow plaintiff to continue completing his fitness-for-duty process, which involved ongoing rehabilitative treatment for alcoholism.[23]

Defendant regards plaintiff as an alcoholic even though it has no medical proof that he is an alcoholic or that he is incapable of performing his job.[24]

---

[20]    See Amended Complaint at ¶ 34.

[21]    Id. at ¶¶ 17-19.  Plaintiff further alleges that Dr. Dattilio was hired and paid by defendant City of Bethlehem. Id. at ¶ 17.

[22]    Id. at ¶¶ 19-21 and 55.  Dr. Dattilio recommended plaintiff maintain sobriety for at least six months, attend Alcoholics Anonymous meetings for one year, and submit to random urine screening.  Id. at ¶¶ 20-21 and 54.

[23]    Id. at ¶¶ 30 and 31.

[24]    Id. at ¶¶ 53 and 62.

In addition, defendant never followed up with plaintiff's compliance with the recommendations offered by Dr. Dattilio in the fitness-for-duty report.[25]

On October 30, 2015 Arbitrator De Treux issued a second decision and stated that plaintiff should not be reinstated.[26]  Arbitrator De Treux based his finding solely on Dr. Dattilio's fitness-for-duty assessment and failed to consider the opinions of plaintiff's psychiatrist and therapist.[27]

Defendant utilized Dr. Dattilio's fitness-for-duty assessment, which recommended plaintiff submit to rehabilitative treatment, as justification for refusing to reinstate plaintiff to his former position as a police officer.[28]

## CONTENTIONS OF THE PARTIES

### Defendant's Contentions

Defendant City of Bethlehem contends that plaintiff's section 504 claim should be dismissed for two reasons.

Initially, defendant contends that plaintiff's claim under section 504 should be dismissed because plaintiff has

---

[25]    See Amended Complaint at ¶ 64.

[26]    Id. at ¶¶ 66 and 67.

[27]    Id. at ¶ 66.

[28]    Id. at ¶¶ 70 and 71.

- 12 -

failed to exhaust his administrative remedies.[29]   Next, defendant

contends that plaintiff's section 504 claim should be dismissed

because plaintiff has not sufficiently pled such a claim.[30]

### Plaintiff's Contentions

In opposition to the Motion to Dismiss, plaintiff

contends that exhaustion of remedies is not required for a claim

under section 504 where, as here, a private plaintiff is suing

an employer which is a private recipient of federal funds.[31]

Moreover, plaintiff asserts that he has sufficiently pled a

violation of section 504 under the "regarded as" prong.[32]

### DISCUSSION

For the reasons expressed below, I conclude that

plaintiff was not required to exhaust administrative remedies

with respect to his claim under section 504 of the

Rehabilitation Act.   In addition, I conclude that he has pled

sufficient facts to state such a claim.   Accordingly, I deny

defendant's Motion to Dismiss plaintiff's Amended Complaint.

### Exhaustion of Administrative Remedies

As stated above, defendant contends that plaintiff's

section 504 claim in Count I of the Amended Complaint must be

---

[29]   See Defendant's Memorandum at pages 6 and 7.

[30]   Id. at pages 7-11.

[31]   See Plaintiff's Memorandum at pages 3-5.

[32]   Id. at pages 5-12.

dismissed because plaintiff failed to exhaust his administrative remedies prior to initiating this suit.

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, bars federal agencies and recipients of federal funding from discriminating against an individual on the basis of his or her disability. Freed v. Consolidated Rail Corporation, 201 F.3d 188, 191 (3d Cir. 2000).[33]

Defendant primarily relies on Zankel v. Temple University, 245 F.App'x 196 (3d Cir. 2007), in support of its argument that plaintiff was required to exhaust administrative remedies prior to bringing suit under section 504.[34]

As I have previously stated:

> Although the Zankel case (like the within matter) involved a suit by a non-federal-employee-plaintiff against a private recipient of federal funds, the statement that such plaintiffs are required to exhaust administrative remedies appears as dicta in that non-precedential Opinion and does not discuss (and cannot overrule) the Third Circuit's prior precedential Opinion issued in Freed, which I am bound to follow.

---

[33]    Section 504 of the Rehabilitation Act provides that "[no] otherwise qualified individual with a disability...shall, solely by reason of her or his disability,...be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794(a).

As defined by the statute, the term "program or activity" includes all operations of "a department, agency, special purpose district, or other instrumentality of a State or of a local government[.]" 29 U.S.C. § 794(b)(1)(A).

[34]    Defendant's Memorandum at pages 6 and 7.

Luise v. Colonial Intermediate Unit 20, 2014 U.S.Dist. LEXIS
38167 at *24 (E.D.Pa. Mar. 21, 2014)(Gardner, J.).  See
Herring v. Chichester School District, 2007 U.S.Dist. LEXIS
82571 at *2, *8-10 (E.D.Pa. Nov. 6, 2007)(Yohn, S.J.).

             In Freed v. Consolidated Rail Corporation,
201 F.3d 188 (3d Cir. 2000), the United States Court of Appeals
for the Third Circuit reaffirmed its "long-standing position
that section 504 plaintiffs [suing private recipients of federal
funds] may proceed directly to court without pursuing
administrative remedies."  Id. at 194.

             Here, defendant City of Bethlehem is a recipient of
federal funds.  Plaintiff is a private individual.  Plaintiff
was not required to exhaust administrative remedies before
bringing suit because plaintiff is not a federal employee suing
a federal employer under section 504 of the Rehabilitation Act.
Rather, plaintiff is a private individual suing a recipient of
federal funds under that same provision.

             Accordingly, I deny defendant's Motion to Dismiss
plaintiff's complaint based upon his failure to exhaust admin-
istrative remedies.

                      **Failure to State a Claim**

             Next, defendant contends that plaintiff's claim under
section 504 of the Rehabilitation Act should be dismissed

                              - 15 -

because he has failed to state such a claim. Defendant contends that plaintiff failed to state a claim for two reasons. Specifically, defendant contends that plaintiff has not established that plaintiff is "regarded by" defendant as having a disability and alternatively, that even if plaintiff has established that plaintiff is regarded by defendant as being an alcoholic, plaintiff's claim cannot succeed because the Rehabilitation Act excludes from coverage a certain category of alcoholics.[35]

In response, plaintiff asserts that "[p]leading a violation under the "regarded as" prong is now less arduous than it was under pre-[ADA Amendments Act] standards[]" because a plaintiff is not required to show a substantial limitation in a major life activity.[36] More specifically, plaintiff contends that he "need only show that his employer took a prohibited action because of an impairment that the plaintiff had or was perceived to have."[37]

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability...shall, solely by reason of her or his disability, be excluded from the

---

[35]    See Defendant's Memorandum at pages 7-11.

[36]    Plaintiff's Memorandum at page 5.

[37]    Id.

- 16 -

participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

To state a viable discrimination claim under section 504, plaintiff must show "(1) that he or she has a disability, (2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that he or she was nonetheless terminated or otherwise prevented from performing the job." Shiring v. Runyon, 90 F.3d 827, 831 (3d Cir. 1996). The plaintiff must also show that defendant is a recipient of federal funds. 29 U.S.C. § 794.

Regarding the first element, plaintiff has pled sufficient facts to show that he has a disability within the meaning of the Rehabilitation Act. "[A]lcoholism is a condition which can rise to the level of a disability." Hinnershitz v. Ortep of Pennsylvania, 1998 U.S.Dist. LEXIS 20264 at *11 (E.D.Pa. 1998)(O'Neill, S.J.).

Under section 504, the definition of "disability" includes "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment". See 29 U.S.C. § 705(20)(B)

- 17 -

(defining "individual with a disability" in terms of section 3 of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102(1)).

A plaintiff is regarded as having a disability if he can establish that he has been subjected to discrimination because of "an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). A plaintiff is not regarded as having a disability if his impairment is transitory and minor. 42 U.S.C. § 12102 (3)(B).

Here, plaintiff avers that defendant regards plaintiff as an alcoholic because of its reliance on Dr. Dattilio's fitness-for-duty report as justification for why plaintiff cannot be reinstated as a police officer.[38] Because Dr. Dattilio found plaintiff unfit for duty based on alcoholism and because plaintiff was not reinstated after Dr. Dattilio's fitness-for-duty report was issued, it is reasonable to infer that defendant did not reinstate plaintiff because it regards him as an alcoholic based on Dr. Dattilio's report.

Under the standards set forth above, plaintiff has pled sufficient facts to support the claim that he is an

---

[38]    See Amended Complaint at ¶¶ 70-72.

"individual with a disability" because defendant City of
Bethlehem regards him as an alcoholic.

Defendant argues that even if plaintiff has pled
sufficient facts to show that he is regarded by defendant as an
alcoholic, plaintiff cannot succeed on his claim because the
Rehabilitation Act excludes from coverage a certain category of
alcoholics.  Specifically, defendant relies on the non-
precedential decision of the United States Court of Appeals for
the Third Circuit in Nicholson v. West Penn Allegheny Health
System, 297 F.App'x 157 (3d Cir. 2008), for the proposition that
an alcoholic plaintiff would be excluded from coverage under the
Rehabilitation Act based on the exception contained in
section 705.[39]

Defendant is correct that the Rehabilitation Act does
not protect all alcoholics.  For purposes of establishing
disability under section 504, coverage is denied to "any
individual who is an alcoholic whose current use of alcohol
prevents such individual from performing the duties of the job
in question or whose employment, by reason of such current
alcohol abuse, would constitute a direct threat to property or
the safety of others."  29 U.S.C. § 705(20)(C)(v).

---

[39]    See Defendant's Memorandum at page 9.

- 19 -

At this time, reliance on both section 705(20)(C)(v) and Nicholson is inappropriate.  Defendant implies that plaintiff's alcoholism would somehow either prevent him from performing necessary job duties or endanger property or the safety of others.  However, these implications do not address whether plaintiff has stated a claim upon which relief could be granted.  At this stage in the proceeding, dismissal based upon section 705(20)(C)(v) is not appropriate.  This is consistent with Nicholson, where the Third Circuit noted that the district court was correct in concluding that under the circumstances of that case, the plaintiff's claim could not survive summary judgment because of section 705 (20)(C)(v).  See Nicholson, 297 F.App'x at 160.

At the appropriate future stage of this case, defendant may raise the issue of whether section 705(20)(C)(v) excludes plaintiff from coverage under section 504 of the Rehabilitation Act.

Regarding the remaining elements necessary to state a claim under section 504, I conclude that plaintiff alleges sufficient facts to support such a claim.

Plaintiff pleads sufficient facts to support the second element of his claim--that he was otherwise qualified to perform the essential functions of the job.[40]

Plaintiff avers sufficient facts to support the third element of his claim--that he was terminated or prevented from performing his job.[41]  Defendant does not contest that plaintiff has been terminated or not reinstated to his position as police officer.[42]

Plaintiff also pleads sufficient facts to support the fourth element of his claim--that defendant City of Bethlehem is a recipient of federal funds.[43]  Finally, defendant does not dispute that it is a recipient of federal funds.[44]

Because plaintiff's factual averments support all the elements of a discrimination claim under section 504 of the Rehabilitation Act, I conclude that plaintiff has sufficiently stated a claim upon which relief can be granted.

---

[40]    See Amended Complaint at ¶¶ 4-6.  Additionally, in the February 9, 2015 decision by Arbitrator De Treux, successful completion of a fitness-for-duty examination was the only requirement established for plaintiff's return to full duty as a police officer.  Id. at ¶ 14.  Because no other requirements were imposed, it is reasonable to infer that plaintiff was otherwise qualified to serve as a police officer.

[41]    Id. at ¶¶ 31, 65 and 70-71.

[42]    See Defendant's Memorandum at pages 2 and 3.

[43]    See Amended Complaint at ¶¶ 44-50.

[44]    See Motion to Dismiss at ¶ 7.

Accordingly, I deny defendant's motion to dismiss plaintiff's discrimination claim under section 504 of the Rehabilitation Act pursuant to Rule 12(b)(6).

### CONCLUSION

For the reasons expressed above, defendant's Motion to Dismiss is denied.

Specifically, I deny defendant's motion to the extent that it seeks to dismiss plaintiff's discrimination claim under section 504 of the Rehabilitation Act for failure to exhaust administrative remedies because such exhaustion was not required here.

Moreover, I deny defendant's motion to the extent that it seeks to dismiss plaintiff's discrimination claim against defendant for failure to state a viable cause of action because plaintiff has plead facts sufficient to support such a claim.